[Pepper v. Copeland.]

On the 20th July, 1840, defendant agreed that the premises levied on should be condemned without inquisition.

On the 29th July, 1840, a *venditioni exponas* was issued, returnable on the first Monday of September, 1840, (*venditioni exponas*, S. 1840, No. 12.)

Horatio B. Pennock was a judgment creditor of defendant, as appears by the records of this court, of September term, 1838, No. 131, D. S. B. Under this judgment the interest of defendant, in the same premises levied on as aforesaid by Mr. Pepper, was taken in execution, and regularly sold by the sheriff on the 6th July, 1840.

The sheriff's deed had not yet been acknowledged, when Pennock obtained this rule to show cause.

*I. Norris*, for plaintiff.
*Meredith* and *Mallery*, contra.

PER CURIAM.—Copeland, the defendant, ceased to have any interest in the land on his discharge under the insolvent laws. The 45th section of the act of 16th June, 1836, allowing a *defendant* to waive an inquisition, provides that to enable him to do this, he must at the time of the issuing of the execution *be the owner* of the real estate. The agreement was void, and Pennock, who is a judgment creditor, having a lien on the land is entitled to have the proceedings set aside. No question is presented as to what the rights of a purchaser on a sale under such proceedings would be.

Rule absolute.

# BURNHAM v. JUSTUS.

### September 8, 1840.

*Rule to show cause why the writ should not be quashed.*

An attachment of execution cannot be issued on a judgment obtained prior to the act of 16th June, 1836, relating to executions.

IN this case, in which Edward Burnham was plaintiff, and Philip Justus and George Justus were defendants, and the Ame-

rican Fire Insurance Company were garnishees, an attachment of execution sur judgment issued.

This was a rule to show cause why the writ should not be quashed.

The judgment, upon which this attachment was founded, was obtained on the 18th of December, 1834, on D. S. B., filed on that day.  There had been no revival since.

The writ of attachment was issued on the 14th July, 1840, and duly served on the defendants and garnishees.

*J. H. Campbell,* for the rule.

THE COURT said that the act of assembly, on the subject of attachments of execution on judgments, passed June 16th, 1836, was not retrospective.

Rule absolute.

## SYLVA v. BOND.

September 8, 1840.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

The 14th section of the act of 11th March, 1836, relating to this court, allowing judgments to be taken for want of an affidavit of defence, extends only to *express* contracts for the loan or advance of money.

THIS action was brought by Joseph Sylva against Thomas Bond, to June term, 1840, No. 1487.  The plaintiff filed the following affidavit of the loan or advance of money under the act of 11th March, 1836, viz:

" Joseph Sylva, the plaintiff, being sworn saith, that he is in the habit of providing seamen for vessels bound on foreign voyages from this port, and that in the latter part of June 1840, being applied to for that purpose, he procured for the ship Courier, whereof Michael Duggan was master, one mate, a cook and eight seamen, and had them duly shipped to perform a voyage from Philadelphia to a port or ports in the Mediterranean, and