## Becker's Appeal.

A judgment entered after the passage of the Act of 1849, exempting $300 of property from levy and sale, and before the Act of 26th April, 1850, is entitled to priority on the real estate over the claim of the widow of the defendant under the latter Act.

Such a judgment is a lien on the real estate of the defendant, although the entire value of his estate real and personal, was less than $300.

The lien is subject to the defendant's statutory right, but is unaffected by it, until he claims its benefit.

The Act of 1850, whether construed by itself or in connection with the Act of 1849, is prospective in its terms, and was not intended to have any retroactive operation.

Legislation will not be construed to have any retroactive effect, except when enjoined by the most explicit language.

APPEAL from the decree of the Orphans' Court of *York county*.

Adam Becker died in October, 1854, leaving a widow and three children surviving him. The personal property left by deceased amounted, according to the appraisement, to $52.50, and a house and lot of four acres of land at $165, making in all $217.50, which the widow claimed to retain for the use of herself and family under the Act of 26th April, 1850. The assignees of Jonas Klinedinst resisted the confirmation of the appraisement, and showed a judgment entered on the 4th of April, 1850, in the Common Pleas of York county, against Adam Becker, the intestate, for $120, in favour of Jonas Klinedinst. Also, one · in favour of John Stouffer, entered on the 14th of March, 1851, upon a note with warrant of attorney, for $23.62, and which contains this clause, " Defendant waives all and every claim to exemption under Act of 9th April, 1849."

After argument, the court below (FISHER, P. J.,) delivered the following opinion :—

" On the 8th of January, 1855, a rule was granted ' to show cause why the inventory and appraisement of the real and personal estate set out to Juliana Becker, widow of Adam Becker, should not be approved by the court.'

" It is admitted that there is no error in the valuation and appraisement of the personal property mentioned in the inventory ; that, it is conceded, the widow is entitled to : but it is contended that as Jonas Klinedinst, on the 4th April, 1850, obtained a judgment against the decedent for $120, with interest from date, which was a lien at the time of his death, and is still so, and amounts to more than the value of all his real estate, the appraisement ought not to be approved.

" In Neff's case, 9th *Harris*, 243, this court decided that under the provisions of the Act of 1850, a widow could not claim

$300 out of the real estate of her husband, in preference to creditors whose liens existed prior to its enactment; and on appeal to the Supreme Court, the decree was affirmed.

"It is true, in that case the judgment was entered prior to the Act of 1849, and in this after that date, but before the passage of the Act of 1850. Why this should make any difference, we cannot perceive, as in either case, the liens of judgments existing previous to the passage of that act would be impaired.

"The court, therefore, approves the valuation and appraisement of the personal property mentioned in the inventory and valued at $52.50, and directs the same to be delivered to Juliana Becker, widow of Adam Becker, deceased: but the valuation and appraisement of the real estate, and its apportionment to the said widow is not approved, and the same is hereby set aside."

From this decree Juliana Becker, the widow, appealed.

*Evans* and *Mayer*, for the appellant.—The Acts of 1849, 1850, and 1851, are *in pari materia*, and are to be treated as one act: Neff's Appeal, 9 *Harris* 243. The first exempts the property from execution, and the other devolves the right upon the widow and children. The judgment was not a lien on the real estate, for the whole estate was under $300. The *lien* of a judgment is only the right to take the property in execution, and is neither *jus in re* nor *ad rem:* Conrad *v.* Atlantic Insurance Company, 1 *Peters' Rep.* 443; Cover *v.* Black, 1 *Barr* 493; Scriba *v.* Deanes, 1 *Brock.* 170. Where the right to take it in execution does not exist, there can be no lien: Ammant *v.* Turnpike Company, 13 *Ser. & R.* 210; Susquehanna Canal *v.* Borihan, 9 *W. & Ser.* 27; Leedom *v.* Plymouth Railroad Company, 5 *Id.* 265. If it be said that the exemption is only when claimed, we answer, that the creditor's right to execution is therefore contingent, and is not a *vested* right: Clark *v.* McCreary, 12 *Ser. & R.* 347; Susquehanna Canal *v.* Wright, 9 *W. & Ser.* 9; Deichman's Appeal, 2 *Wh.* 397. The request of the debtor is not of the essence of the exemption, but only part of the machinery by which it is obtained: Hammer *v.* Freese, 7 *Harris* 257; Weaver's Appeal, 6 *Id.* 309; Neff's Appeal, 9 *Id.* 243. The exemption in favour of the widow is good against all claims subsequent to 4th July, 1849; Davis's Estate, 9 *Leg. Int.* 82; Young's Estate, *Id.* 140; *Bright. Purd.* 194, note (*a*).

The effect of the waiver in Stouffer's judgment cannot affect the widow and children of Becker. He could only waive his own rights, not theirs, and it was done after the Act of 1850 had created the right in the widow and children, which was paramount to his *will*, unless carried into effect during his life: Bowyer's Appeal, 9 *Harris* 210.

*Keesy* and *Stahle,* for appellees.—The Acts of 1849, 1850, and 1851, are in *pari materia* for the purposes of construction, but not for the commencement of their operation. If Adam Becker had died after the entry of the judgment on the 4th April, 1850, ' and before the passage of the Act of 1850, on the 26th of the same month, there could be no question that the widow would not be entitled. But it is said there was no lien. Could Becker have sold the property free from the encumbrance of the judgment? If not, it is because the judgment was a *lien* upon it: Bowyer's Appeal, 9 *Harris* 210. A judgment is a lien upon every kind of legal or equitable interest in land: Corkhuff *v.* Anderson, 3 *Binn.* 5; Thomas *v.* Simpson, 3 *Barr* 60. The Act of 1849, instead of exempting the estate from the lien, makes provision for its sale, where the $300 worth cannot be set off to the debtor without spoiling the whole. If there is no lien, how could it be sold? The execution gives no lien independent of the judgment: Davis *v.* Ehrman, 8 *Harris* 256. In such a sale there could be no doubt about the title: Miller's Appeal, 4 *Harris* 300; Brant's Appeal, 8 *Harris* 141; Hoffman *v.* McDermond, *MS.*

The cases cited upon the other side were reviewed, and it was argued that they had no application because they were cases of *qualified* rights, and not of *specific* lien: Canal Company *v.* Railroad Company, 4 *G. & J.* 1; United States *v.* Vaughan, 3 *Binn.* 294; Corson *v.* Craig, 1 *W. C. C. R.* 424; Stephens *v.* Stephens, 1 *Ash.* 190.

The opinion of the court was delivered by

Woodward, J.—The judgment of Klinedinst, entered on the 4th April, 1850, became a lien on Becker's land before the Act of Assembly of 26th April, 1850, was passed, exempting in behalf of the widow and children of decedent, three hundred dollars' worth of their estate. It is argued that it was not a lien, because under the Act of 9th April, 1849, Becker himself was entitled to a similar exemption, and the valuation shows that the land was not worth $300. But this is not sound. A judgment is a lien on every possible interest the defendant has in real estate. In this case Becker was the owner of the legal title, and his right to the exemption provided by the Act of 1849, depended on his election. By the very terms of the Act, the land might be levied on, and in case so much as he might elect to retain could not be set off to him, the whole might be sold. The lien was subject to his statutory rights, but it was, nevertheless, a lien, and could be affected by his statutory rights only when he claimed them. He died without claiming them, and now the question is whether the lien of the judgment is affected by the legislation of 26th April, 1850. In Neff's Appeal, 9 *Harris* 247, it was said there is nothing whatever in the Act of 1850, whether construed by itself or

in connexion with the Act of 1849, which indicates the slightest intention to impair the value of liens which existed before its enactment.    Surely there is not.    The Act is prospective in its terms—" that *hereafter* the widow," &c.—and legislation is never to have retroactive effect, except when enjoined by the most explicit language.

We think the Court were right in not approving the appraisement of the real estate, and their decree is accordingly affirmed.