## Moser, Admr., v. Merring

*David B. Skillman*, for plaintiff.
*Carleton T. Woodring*, for defendant.

LAUB, J., February 14, 1938.—The above-named plaintiff brought an action in trespass against defendant, setting forth that his decedent was killed on October 17, 1936, through the negligence of defendant.

The præcipe for the summons was lodged in the prothonotary's office on October 8, 1937, together with plaintiff's statement of claim, and the summons in trespass issued therefrom on the same date.

Between the time that the cause of action accrued, to wit, October 17, 1936, and the time that the foregoing action was instituted on October 8, 1937, the Act of April 1, 1937, P. L. 196, came into force and effect.

Section 1 of the act provides "That the persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives. . . . If none of the above relatives are left to survive the decedent, then the personal representative shall be entitled to recover damages

for reasonable hospital, nursing, medical, funeral expenses, and expenses of administration necessitated by reason of injuries causing death." Section 2 provides that "This Act shall become effective immediately upon final enactment." The title of the act sets forth that it is an amendment to section 1 of the Act of April 26, 1855, P. L. 309.

By reference to the foregoing dates, it will be observed that the cause of action accrued before the approval of said act of assembly, but that the action itself was instituted after the approval of the act. Two questions present themselves for decision. First, is the Act of 1937, supra, a retroactive act, and second, does it operate retrospectively so as to give its benefit to causes of action accrued before its enactment?

Defendant filed an affidavit of defense raising questions of law, and in substance setting forth that plaintiff was not entitled to maintain the action.

At common law a right of action for an injury resulting in death did not survive; there was no right in any one to recover damages for the death of another. This common-law rule "was abrogated in England by the Act of 9 & 10 Vict., c. 93, section 1, known as 'Lord Campbell's Act,' passed in 1846": Howard v. Bell Telephone Co., 306 Pa. 518, 520. See also Potter Title & Trust Co., Admr., v. Petcoff et al., 122 Pa. Superior Ct. 540, 543.

Our own legislature enacted the Act of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601, which authorizes an action for damages when death is caused by unlawful violence or negligence. The Act of 1855, supra, sec. 1, as amended by section 1 of the Act of June 7, 1911, P. L. 678, 12 PS §1602, designates the person or persons who may exercise the right conferred by the Act of 1851. The Acts of 1851 and 1855 are based on Lord Campbell's Act.

Section 35(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended, 20 PS §772, did not confer authority on an executor or administrator to begin an action

for personal injuries to his deceased when the latter did not commence it in his lifetime: Strain, Admr., v. Kern, 277 Pa. 209.

The foregoing acts were supplemented by section 1 of the Act of May 13, 1927, P. L. 992, 12 PS §1604, and the Act of 1937, supra. It has been held that the Acts of 1851 and 1855 altered the common law and created a new right of action, and they are not to be extended beyond their obvious import: Potter Title & Trust Co., Admr., v. Petcoff et al., supra. It follows therefore that the Act of 1937, supra, is a remedial one and not one of procedure.

Former President Judge Russell C. Stewart held in Porter v. Quig Motor Car Co. et al., 6 D. & C. 91, as follows:

"As a general rule, statutes are construed as prospective and not retrospective, but the rule does not apply where it does not affect any contractual relation."

The general rule undoubtedly is that legislation which affects rights will not be construed to be retroactive unless it is explicitly so declared in the statute. But where it concerns merely the mode of procedure it is applied, as of course, to litigation existing at the time of its passage: Kille v. Reading Iron Works, 134 Pa. 225; Cairns v. Spencer et al., 87 Pa. Superior Ct. 126; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163.

Retrospective laws may be supported when they impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted: Shonk v. Brown et al., 61 Pa. 320; Barnesboro Borough v. Speice, 40 Pa. Superior Ct. 609.

There is no canon of construction better settled than that a statute shall always be interpreted so as to operate prospectively and not retrospectively unless the language is so clear as to preclude all question as to the intention of the legislature: Neff's Appeal, 21 Pa. 243; McCabe v. Emerson, 18 Pa. 111.

These well-settled principles have never been departed from and have been recognized and reaffirmed in a long line of cases: Smith v. Illinois Central R. R. Co., 36 Pa. Superior Ct. 584; Commonwealth v. Danville Bessemer Co., 207 Pa. 302; Horn & Brannen Mfg. Co. v. Steelman, 215 Pa. 187; Lewis v. Pa. R. R. Co., 220 Pa. 317; 25 R. C. L. 791.

Instances of acts of assembly decided not to be retrospective are set forth in the following cases:

"An attachment of execution cannot be issued on a judgment obtained prior to the act of 16th June, 1836, relating to executions": Burnham v. Justus, 2 Miles 420.

"The Act of 1850, whether construed by itself or in connection with the Act of 1849, is prospective in its terms, and was not intended to have any retroactive operation": Becker's Appeal, 27 Pa. 52.

"The Act of 14th March 1857, is prospective only; and did not affect cases in which a report of commissioners in favour of the division of a township, had been previously filed, and confirmed *nisi*": In the Matter of the Division of Juniata Twp., 31 Pa. 301.

"The Act of 24th April 1857 was prospective only, and could not reach a case in which a report of commissioners in favour of the erection of a new township, had been previously filed, and confirmed *nisi*": In the Matter of the Township of Alba, 35 Pa. 271.

"The Act of April 26th 1855 (Charities), relates to wills thereafter to be *made*": Taylor v. Mitchell, 57 Pa. 209.

The law of the case at the time when it became complete is an inherent element in it, and if changed or annulled the right is annulled, justice is denied, and the due course of law violated: Menges v. Dentler, 33 Pa. 495; Kay v. Pa. R. R. Co., 65 Pa. 269, 277.

"The Act of June 15, 1897, P. L. 155, extending the right to file a mechanic's lien to persons supplying gas fixtures and other appliances mentioned in the act, gives

no right of lien where the goods were contracted for before the passage of the act, but delivered to the building after its passage and approval.

"A statute will always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all questions as to the intention of the legislature: Horn & Brannen Mfg. Co. v. Steelman, supra.

"The Act of May 13, 1927, P. L. 992, permitting recovery for medical and other expenses incurred for the deceased, is not retrospective and does not affect cases where the right of action had accrued before the date of the act": Regan v. Davis, 290 Pa. 167.

In 25 R. C. L. 793, sec. 40, the following principle is set forth:

"It is generally held that statutes relative to employers' liability for injuries to servants are not retroactive and do not give a right of action for injuries which occurred before they took effect."

A controlling case is that of Winfree v. Northern Pacific Ry. Co., 173 Fed. 65, where plaintiff brought an action to recover damages for his decedent's death through the negligence of defendant. The accident which caused plaintiff's decedent's death took place before the passage of the Act of April 22, 1908, an act relating to the liability of common carriers by law to their employes in certain cases. The action was brought after the enactment of said act. The circuit court of appeals held that the act was not retroactive and sustained defendant's demurrer. This case was appealed to the Supreme Court of the United States and is reported under the same name in 227 U. S. 296, wherein it was affirmed, it being stated in the opinion as follows:

That statutes applied retroactively were " 'such as were intended to remedy a mischief, to promote public justice, to correct innocent mistakes, to cure irregularities in judicial proceedings or to give effect to acts and contracts of individuals according to the intent thereof.'

It is hardly necessary to say that such statutes are exceptions to the almost universal rule that statutes are addressed to the future, not to the past."

The opinion further held that the Federal Employers' Liability Act of 1908, supra, permitted recovery in cases where a recovery could not have been had before, and that such a statute, under the rules of the cases, should not be construed as retrospective. It introduced a new policy and quite radically changed the existing law.

The same language can be applied to the Act of 1937, supra, as it too permits recovery in cases where no recovery could be had before and subjects defendant to liabilities that did not exist against him at the time of the happening of the accident. In the instant case, because plaintiff's statement of claim sets forth that his decedent died leaving neither widow, children, nor parents, at the time the cause of action accrued, defendant was not civilly liable to any person at all and his property rights were not in jeopardy.

It follows, therefore, that if the Act of 1937 is to be construed so as to operate retrospectively and a recovery is had against defendant, he is liable to suffer the loss of his property, if he has any, and, if not, is subject to be arrested on a writ of capias ad satisfaciendum and imprisoned for some time unless he can furnish a bond pending the termination of his petition to be discharged as an insolvent, and if the verdict rendered against him is not paid, and such unsatisfied verdict is certified to the Department of Highways, his operator's license can be revoked. Such a situation would manifestly be unfair and prejudicial to defendant's rights. Consequently, the act must be construed to operate prospectively.

And now, February 14, 1938, defendant's affidavit of defense raising questions of law is sustained and the prothonotary is directed to enter judgment in favor of defendant.