## Philadelphia v. Halpern

*Frank F. Truscott*, City Solicitor; *F. M. Lissy* and *A. Wernick*, Assistant City Solicitors, for plaintiff.

*J. L. Markovitz*, for defendant.

SLOANE, J., March 21, 1951.—What is before us is defendant's petition to strike off a personal property tax lien filed by the City of Philadelphia, plaintiff. The city filed an answer and new matter, but there is no fray over fact:

The city, on July 23, 1948, transmitted to the Pro-

thonotary of Philadelphia County a certified record of personal property taxes (and interest and penalty thereon), still due by defendant for the years 1925, 1926, 1927 and the years 1944, 1945, 1946. The prothonotary entered and docketed these taxes, with interest and penalties, on his "Personal Property Tax Lien Docket", all this pursuant to the Act of July 3, 1947, P. L. 1249, 1257, sec. 4, amending the Act of June 17, 1913, P. L. 507, sec. 16; 72 PS §4881. These taxes, under the amending act (page 1257), are "a lien on the real estate of the taxpayer within the county, until paid, after the same shall have been entered and docketed of record by the prothonotary".

The act is not retroactive in its wording, and the one question raised by defendant-petitioner is the retroactive procedure adopted by the city under the act; defendant-petitioner questions the right of the city to file a lien for taxes due before the effective date of the act. [1]

I have no doubt of the mastery of the statement that a law speaks and operates from its effective date unless it explicitly says differently; we think of retroactive legislation as "not necessarily unconstitutional; but unless it be remedial, it is uncongenial to our institutions, and hazardous to private rights": Dewart v. Purdy, 29 Pa. 113, 117; McKean Estate, 366 Pa. 192, 195. "No statute is held to operate retroactively, unless its language admits of no other construction": Neff's Appeal, 21 Pa. 243, 247.

Taylor v. Mitchell, 57 Pa. 209, 211:

"Sharswood, J.—There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retro-

---

1. Defendant-petitioner asks to strike off the lien only for the years 1925 to 1927, but if her position has merit, it would go as well to the tax liens for the years 1944 to 1946, since plainly these years are before the passage of the amending Act of 1947, supra.

spectively, unless the language is so clear as to preclude all question as to the intention of the legislature (citing cases). Lord Bacon expressed concisely the same rule: Neque enim placet Janus in legibus."

See Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 56, 46 PS §556; Bedford v. Shilling, 4 S. & R. 401; Oliphant v. Smith, 6 Watts 449, 451; Mustin v. Vanhook, 3 Wharton 574; Miller v. The Commonwealth, 5 W. & S. 488; In the Matter of the Township of Alba, 35 Pa. 271; Steckel's Appeal, 64 Pa. 493, 495; White v. Crawford, 84 Pa. 433, 436; Farmers National Bank and Trust Company, etc., v. Berks County Real Estate Company et al., 333 Pa. 390, 393; The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence, 20 Minnesota Law Review 775.

But every rule, refusing to be its own prisoner, relaxes to its necessitated exception, and we find here that where legislation concerns procedure, or an added remedy, it may be applied to occurrences prior to its effective date, if vested interests are not thereby destroyed or affected. See Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Bell Telephone Co. v. Pennsylvania Public Utility Commission, 130 Pa. Superior Ct. 514, 523; Kunze v. Duquesne City, 126 Pa. Superior Ct. 43, 47-48; cf. Washington Borough, 26 Pa. Superior Ct. 296.

"Laws of a retroactive nature, imposing taxes or providing remedies for their assessment and collection and not impairing vested rights, are not forbidden by the Federal Constitution": Kentucky Union Company v. Kentucky, 219 U. S. 140, 152-53.

What matters here, then, is whether the amending Act of 1947, which gave to the city a prompt lien on all real property of its debtors for overdue taxes, affects only the remedy. To me it appears that the amending act touches the remedy, "and retrospective laws have

always been sustained where they touched not the right, but the remedy": Gibson, C. J., in Bolton et al. v. Johns et al., 5 Pa. 145, 149.[2] Speaking to that case, in 1836 an act was passed which granted mechanics a lien for work or materials furnished in the erection of houses. The courts uniformly held there could be no lien under the Act of 1836 for any work or materials furnished by contract. In 1845 the Act of 1836 was amended to grant a mechanic a lien whether or not a contract existed. In 1843 plaintiff furnished work and materials to defendant under a contract between them. In 1847 plaintiff, relying on the Act of 1845, which did not specifically recite that its provisions were retroactive, filed a lien against defendant's property for the work done in 1843. It was held the Act of 1845 could be applied retroactively because it affected the remedy and no more. On the other hand, we have Barnesboro Borough v. Speice, 40 Pa. Superior Ct. 609, where plaintiff-borough graded, paved and curbed a certain street in 1906. An Act of 1889 gave the borough a lien on the abutting property for unpaid assessments. An Act of 1907 provided:

"That hereafter all municipalities of the Commonwealth of Pennsylvania may proceed for the recovery or collection of any municipal claim or claims whatsoever by lien or by an action of assumpsit." Prior to the 1907 statute the borough had only a lien for unpaid assessments. In 1908 the borough brought an action of assumpsit for the work done in 1906. It was held that the Act of 1907 could not be given retroactive effect because it "imposes upon the owner of property a per-

---

2. See, for example, an opinion by Holmes, C. J., in Danforth v. Groton Water Co., 178 Mass. 472, as to the right of the legislature to remove the bar of an earlier act and to provide a remedy affecting pending cases: Malicks' Petition, 137 Pa. Superior Ct. 139, approving an act of assembly which validates any county tax liens not revived every five years if the county should take certain steps within six months after its final enactment.

sonal liability . . . which, as to assessments of the character of that with which we are now dealing, had not existed."

Comparison of the Bolton case and the Barnesboro case gives light to the difference between them. In the Bolton case the first statute granted an action of assumpsit and the later statute granted a lien; no additional personal liability followed. In the Barnesboro case it was the reverse: the later statute granted the action of assumpsit; personal liability was imposed where none existed before. The case in hand is close to the Bolton case. The Act of 1913, supra, granted the city the right to collect unpaid personal property taxes by an action in assumpsit. A judgment obtained in such a suit would become a lien on the taxpayer's real estate. Under the amending Act of 1947, the city obtains a lien on the debtor-taxpayer's real estate by transmitting a certified record of the unpaid taxes to the prothonotary, and the prothonotary enters the record in the personal property tax lien docket. Since a lien on real estate can eventually be obtained under the Act of 1913, the Act of 1947 does not impose any additional obligation. The legislature in 1947, with its assumedly larger view of the situation, may have been impelled to a sterner attitude toward delinquent taxpayers, and authorized the lien-method as a quick and sturdy spur to the slow and forgetting debtor. Though there may be intimations to the contrary,[3] I cannot get myself to say that the legislature went too far in empowering the city to file a lien. I consider the act in

3. Holmes, J., said he had decided the Danforth case, supra, "upon somewhat swampy ground" (Woodward v. Central Vermont Railway, 180 Mass. 599, 603), and see Forbes Boat Line v. Board of Commissioners, 258 U. S. 338, 340: "In those cases it is suggested that the meaning simply is that constitutional principles must leave some play to the joints of the machine." See Retroactive Application of Law—A Problem in Constitutional Law, 38 Michigan Law Review 30, et seq.

the catalog of legislation where an existing legal remedy is enlarged, and where no substantive right is impaired, and that it can fasten itself upon taxes overdue before its effective date. It seems to me that petitioner may not exalt her default to prevent the city from making her do now what she should have done voluntarily years ago. I see no substantive or vested right in petitioner as a bar to her own omissions. Perhaps that should be enough to have me decide that the Act of 1947 is on the constitutional side of the line.

Defendant's petition is dismissed.