## Notary Public Act of 1953

MAURER, Assistant Deputy Attorney General, November 16, 1953.—We have your communication of August 25, 1953, wherein you request to be formally advised on the following questions relating to The Notary Public Law of August 21, 1953 (Act No. 373):

1. Does section 12 of the Act of August 21, 1953 (Act No. 373), preclude presently commissioned notaries from using notarial seals that are engraved in accordance with section 16 of the Act of May 18, 1949, P. L. 1440?

2. Do the provisions of sections 7 and 10 of the Act of August 21, 1953 (Act No. 373), relating to the moving of office and changing of name, apply to notaries now in commission, or are they subject to the corresponding provisions of the Act of May 18, 1949, P. L. 1440, until the expiration of their present terms?

3. Is section 21 of the Act of August 21, 1953 (Act No. 373), relating to fees, applicable to presently com-

missioned notaries, or does section 13 of article III of the Constitution of Pennsylvania prohibit such application until a reappointment is made?

The legislature, by enacting The Notary Public Law of August 21, 1953 (Act No. 373), substantially changed the prior law pertaining to notaries public. Therefore, since your questions relate to a number of such changes, it would be well to have in mind the particular differences that are involved.

Section 12 of the Act of 1953, supra, eliminates the necessity of engraving the location of the office of the notary on the notarial seal but adds the words "Commonwealth of Pennsylvania". All other directions as to the engraving to be placed on the seal are identical. Accordingly, notarial seals engraved in accordance with the directions provided by section 16 of the Act of May 18, 1949, P. L. 1440 (prior law), only differ in the above respect with seals engraved in accordance with section 12 of the Act of 1953, supra.

Section 7 of the Act of 1953, supra, provides that a notary may change his office address to any location within the Commonwealth, if the required notice as provided therein is given, while section 14 of the Act of 1949, supra, requires a notary to maintain an office in the city, borough, town or township of the county named in his commission.

As to the procedure to be followed if the name of a notary is changed, section 10 of the Act of 1953, supra, permits a notary to continue to act under the name stated in his commission until the expiration of his or her term, again provided the required notice set forth therein is given. Section 12 of the Act of 1949, supra, however, requires a new commission to be issued for the remainder of the original term when the name of the female notary is changed. No provision is made if a male notary secures a change of name by court order.

The fee schedule for notaries to follow is provided by section 21 of the Act of 1953, supra. This schedule would allow a certain amount of flexibility and naturally permit the specified fees set forth in section 26 of the Act of 1949, supra, to be increased.

However, whether the provisions of The Notary Public Law of August 21, 1953 (Act No. 373), are to be applicable to presently commissioned notaries necessarily depends on the intention of the legislature, as expressed in that act. Furthermore, to subject these notaries to its provisions, it must appear that the legislature intended the act to have a retroactive effect. An act that is construed as being retroactive relates back and affects actions or facts occurring before the act came into force.

An act will not be construed as being retroactive, unless it is clear the legislature intended it to be so construed. In this regard, it is provided in section 56 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §556, that:

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature."

This rule of statutory construction has been enunciated many times. In Commonwealth v. Repplier Coal Company, 348 Pa. 372, 381, the Supreme Court of Pennsylvania affirmed the opinion of the court below, which held:

"(A) It is well settled that a statute will not be construed as retrospective unless there is a clear legislative intention that it is to have that effect. While there is no constitutional inhibition against a statute having a retrospective operation (Welch v. Henry, 305 U. S. 134), both the statute law and the courts are emphatic that it shall not have such operation unless the intention clearly and manifestly appears. . . .

"In Farmers National Bank & Trust Co. v. Berks

County Real Estate Co., 333 Pa. 390, 393, the court said:

" 'The general rule of construction is that statutes . . . must be construed prospectively except where the legislative intent that they shall act retrospectively is so clear as to preclude all questions as to the intention of the legislature.' Commonwealth v. Chester County Light & Power Co., supra; Wettengel v. Robinson, 300 Pa. 355. . . .

". . . There is no single sentence in it which indicates any retroactive effect, and such legislative intention must be drawn, if drawable at all, from the whole act."

In addition, the Supreme Court of Pennsylvania in Horn & Brannen Co. v. Steelman, 215 Pa. 187, 191, has also held that:

". . . 'We always construe statutes as prospective and not retrospective, unless constrained to the contrary course by the rigor of the phraseology:' Price v. Mott, 52 Pa. 315. . . ."

An examination of the Act of 1953, supra, does not disclose, in our opinion, any indication that the legislature intended the act to have a retroactive effect. Therefore, this act may only be construed as being applicable prospectively. Accordingly, only notaries appointed under the act are subject to its provisions.

Since we have determined that the Act of 1953, supra, must be construed prospectively, we must next consider the effect of the repeal of prior legislation contained therein. In this respect, we conclude that such repeal does not affect any notary appointed under the prior law.

In the absence of any indication of intention to the contrary, the repeal of a law by an act which substantially reënacts the repealed law continues the repealed law in effect. This rule of construction is provided by

section 82 of the Statutory Construction Act, supra, 46 PS §582, which reads:

"Whenever a law is repealed and its provisions are at the same time re-enacted in the same or substantially the same terms by the repealing law, the earlier law shall be construed as continued in active operation. All rights and liabilities incurred under such earlier law are preserved and may be enforced."

Consequently, the Act of May 18, 1949, P. L. 1440, under which presently commissioned notaries were appointed and authorized to act, although repealed by the Act of 1953, supra, must still be considered in effect for the duration of the terms of office of notaries appointed thereunder.

We are, therefore, of the opinion, and you are accordingly advised, the Act of 1953, supra, is not applicable to presently commissioned notaries. This act was intended by the legislature to have a prospective application, not a retroactive application. All presently commissioned notaries are obliged, therefore, to adhere to the provisions of the Act of 1949, supra, for the duration of their present terms of office.

In answer to your questions, you are specifically advised as follows:

1. Notaries appointed under the Act of May 18, 1949, P. L. 1440, may continue to use notarial seals engraved in accordance with section 16 of that act for the duration of their present terms of office. Notaries appointed under the Act of August 21, 1953 (Act No. 373), are to use notarial seals engraved in accordance with section 12 of said act.

2. The legislature, having intended the Act of August 21, 1953 (Act No. 373), to have a prospective application, did not intend the Act of 1953, supra, to be applicable to notaries appointed under the Act of May 18, 1949, P. L. 1440. Such notaries must adhere

to the provisions of the Act of 1949, supra, under which they were appointed, for the duration of their present terms of office.

3. Since the legislature intended the Act of August 21, 1953 (Act No. 373), to be construed prospectively, section 21 of the act is not applicable to notaries appointed under the Act of May 18, 1949, P. L. 1440.