**Linde Corporation v. Black Bear Property L.P.**

C.P. of Lycoming County, No. 13-01,163

*Tracy Cadzow*, for plaintiff.
*Scott T. Williams* and *J. Michael Wiley*, for defendants.

ANDERSON, *J.*, Sept. 23, 2014—Before the court is the motion for summary judgment filed by defendant Penn Central Corporation on August 4, 2014. Argument was heard September 18, 2014.

Plaintiff filed a Mechanic's Lien Claim on May 16, 2013, and a complaint to obtain judgment and to Enforce

Mechanic's Lien Claim on September 6, 2013. In the claim, plaintiff contends it provided labor and materials to perform various work on certain property owned by defendants pursuant to a contract with defendant Black Bear, LLC, that it completed the work in a timely and workmanlike manner, that proper notice of the claim had been given and that plaintiff is owed $216,074.38. In the complaint, plaintiff avers proper service of the claim and seeks judgment thereon. In its answer and new matter, and in the instant motion for summary judgment, defendant Penn Central Corporation asserts that it owns only sub-surface rights and reservations, that it did not contract with plaintiff, and that it was not the beneficiary of any surface improvements and therefore cannot be subject to the claim.

The right to a mechanic's lien is set forth in article III of the Mechanic's Lien Law of 1963:

§ 1301. Right to lien; amount

Every improvement and the estate or title of the owner in the property shall be subject to a lien, to be perfected as herein provided, for the payment of all debts due by the owner to the contractor or by the contractor to any of his subcontractors for labor or materials furnished in the erection or construction, or the alteration or repair of the improvement, provided that the amount of the claim, other than amounts determined by apportionment under section 306(b) of this act, shall exceed five hundred dollars ($ 500).

49 P.S. §1301. Plaintiff is basing its claim against Penn Central on the fact that Penn Central's sub-surface rights (to oil and gas) constitute an "estate in the property."

Plaintiff does not dispute that it had no contract with Penn Central, but argues that its work provided a benefit to Penn Central and further, since underground pipes were installed, the sub-surface was affected. The court believes, however, that a fair reading of the Mechanic's Lien Law clearly provides that only the property owner who has contracted with the contractor can be subject to a mechanic's lien.

While "owner" means "an owner in fee, a tenant for life or years or one having any other estate in or title to property," 49 P.S. §1201, and thus *could* include an owner of sub-surface oil and gas rights, such does not make that owner subject to a mechanic's lien for work contracted for by only the surface owner. "Contractor" means "one who, *by contract with the owner*, express or implied, erects, constructs, alters or repairs an improvement", etc. *Id.* (emphasis supplied). As the court explained in *Murray v. Zemon*, 167 A.2d 253, 255 (Pa. Super. 1960), "[t]he right to the lien arises not from the act of furnishing the labor and materials, but rather from the debt arising therefrom: *Horn & Brannen Co. v. Steelman*, 215 Pa. 187, 64 Atl. 409 (1906). The right to file a mechanics' lien must have a contract as its basis." The court in *Murray* held that a lien could not be maintained against an owner of property where the contract for improvements had been made by only the tenant.[1]

In the instant case, plaintiff did not contract with Penn

---

1. While *Murray* may pre-date the Mechanic's Lien Law of 1963, it has been cited with approval for this very proposition even after the passage of that act, which, in any event, was simply a "codification of the substantive provisions of the law of mechanic's liens". 49 P.S. Chapter 6 (historical and statutory notes). *See, e.g., Kelly v. Hannan*, 566 A.2d 310 (Pa. Super. 1989).

Central and there is absolutely nothing in the record to support the imposition of an implied contract. Plaintiff therefore has no right to a mechanic's lien against Penn Central and Penn Central is entitled to have the lien stricken, and the complaint to enforce the lien dismissed, as a matter of law.

## ORDER

And now, this 23rd day of September 2014, for the foregoing reasons, defendant Penn Central Corporation's motion for summary judgment is granted and the Mechanic's Lien Claim filed May 16, 2013, is stricken as to defendant Penn Central Corporation only.

Further, the complaint filed September 6, 2013, is dismissed as to defendant Penn Central Corporation only.