## McCabe *versus* Emerson.

18    111
40SC 2612

1. Before the Act of 22d March, 1850, relating to writs of error, a party who omitted to take out a writ of error before a final adjudication by the Supreme Court on a writ of error by the adverse party, waived his right to a writ of error in the same case.

2. The Act aforesaid allowing a writ of error by either party after an adjudication of a former one taken by the adverse party in the same case, is not to be applied to a case which had been finally adjudicated by the Supreme Court, *before* the passage of the Act, on a writ of error taken at the suit of the adverse party; as to such a case the Act is unconstitutional and void: its application is to be limited to cases adjudicated by the Supreme Court *subsequent* to the passage of the Act.

ERROR to the Common Pleas of *Indiana county*.

E. P. Emerson had brought suit against R. B. McCabe, surviving Lucius Hull. It was an action of debt on a promissory note for $1259.11, having a credit of $57 endorsed on it. Verdict was rendered for the plaintiff for $400. A writ of error was sued out by Emerson, the plaintiff, to October Term 1849, and at that term, the judgment below was affirmed in the Supreme Court. After this affirmance, this writ of error was sued out by McCabe the defendant. In support of the writ the Act of 22d March, 1850, was referred to. The second section of that Act is as follows:

Sect. 2. "That no Act of the legislature of this Commonwealth heretofore passed, shall be so construed as to prevent either party in a cause from obtaining his, her, or their writ of error and a

[McCabe *v.* Emerson.]

decision by the Supreme Court thereon, as well after a decision by the said Court on a writ of error previously obtained by the adverse party in such cause, as if both parties had obtained their respective writs returnable to the same term of the Supreme Court; and that any writ of error heretofore taken under such circumstances and not yet acted on, shall entitle the plaintiff in error to a hearing and action of the Supreme Court thereon, as fully as if no former decision had been made on a previous writ of error obtained by the adverse party." See *Acts of* 1850, 230, 231.

The opinion of the Court was delivered, Oct. 20, by

ROGERS, J.—In Henderson *v.* Irwin, decided at the September Term, 1848, at Pittsburgh, not yet reported, it is ruled that when a party omits to sue out a writ of error before the final adjudication of the Supreme Court on a writ sued out by his adversary, he waives or loses the right to take a writ of error himself. A writ of error will not lie, for that in effect would be to reverse or call in question a final judgment already rendered by this Court. This would be decisive of this case but for the 2d section of the Act of 22d March, 1850. So far as regards *future* cases, it is agreed there is no difficulty. But does the act apply here? The case presented is this. Before the passage of the Act a final judgment was rendered in favor of Emerson, who was the plaintiff below, for $400, and costs of suit. This was conclusive of the rights of the parties, as the case then stood. Of this money, to which he was justly entitled as appeared by the solemn adjudication of a Court of the highest resort, it is sought to deprive him by legislative enactment. Whether the draftsman of this section intended it specially for this case, I do not pretend to know or conjecture; but my respect for the legislature is too great to allow me for a single instant to suppose that they designed so great a wrong, as, by a retrospective Act, to make that right which was clearly wrong. But granting the intention to be clearly expressed, I have no hesitation in saying that the Act is unconstitutional and void. The legislature have no power, as has been repeatedly held, to interfere with vested rights. To give the property of A. to B. is clearly beyond legislative authority. Suppose, after title acquired to a tract of land by the Act of Limitations, the legislature should extend the time; or suppose a writ of error barred by lapse of time. Would any person contend that the legislature would have a constitutional authority to interfere so as to affect rights thus acquired? This will scarcely be pretended. And yet it is difficult to imagine any difference in the cases. If such a power should be granted, it is yielding to them unlimited judicial as well as legislative authority. They may and no doubt they will grant new trials, issue a *mandamus,* a writ of *quo warranto,* or entertain a writ of error. Unless resisted, it must

end in this. There is no limit to successful usurpation. Everything will depend on the will of an irresponsible majority.

Writ of error quashed.