See also the preceding case.

---

## Philadelphia, to use, Appellant, v. Merklee.

*Municipal claim—Assumpsit—Practice, C. P.*

An action of assumpsit cannot be maintained to recover a municipal assessment for paving a street.

*Practice, Supreme Court—Paper-books.*

It is not good practice to blend in the same paper-book, appeals from two distinct and different actions, in which there are different defendants and different counsel.

Argued Jan. 16, 1894. Appeal, No. 44, July T., 1893, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., March T., 1889, No. 574, entering nonsuit in favor of defendant, Charles K. Merklee. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.

Assumpsit for municipal assessment for paving.

At the trial, before REED, J., plaintiff proved that the paving had been done in front of defendant's property on Winchester street under a contract between the city and Michael O'Rourke, and that the paving had been duly authorized by ordinance. Plaintiff then rested. The court entered a compulsory nonsuit, and subsequently refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*Charles E. Pancoast, E. Spencer Miller* with him, for appellant, cited: Act of Feb. 2, 1854, § 40, P. L. 29; Greble v. Phila., 38 Pa. 339; Lipps v. Phila., 38 Pa. 503; Acts of April 21, 1855, § 8, P. L. 264; Hogg v. Longstreth, 97 Pa. 255; Shaw v. Quinn, 12 S. & R. 299; King v. Building Association, 106 Pa. 165; Acts of March 24, 1870, P. L. 544; April 16, 1879, P. L. 24; March 14, 1865, P. L. 320; Centre Street, 115 Pa. 247; Act of April 21, 1858, P. L. 385; Desty on Taxation, 236, § 126; Wilkinsburg v. Home for Aged Women, 131 Pa. 109; Berks St., 12 W. N. 10; M'Keesport v. Fidler, 147 Pa. 532; New Haven v. R. R., 38 Conn. 423; Dugan v. Baltimore, 1 Gill & J. 499; North Beach etc. R. R. Co.'s Ap., 32 Cal. 499; People v. Lawrence, 36 Barber, 181; M'Masters v. Com., 3 Watts, 292; Cooley on Taxation, (1883,) p. 300; Dillon's Mun. Corp. § 815; Burroughs on Taxation, § 105; Savings Bank v. U. S., 19 Wall. 227.

*William H. Peace,* for appellee, cited: Delaney v. Gault, 30 Pa. 63; Council v. Moyamensing, 2 Pa. 224; Emerick v. Dicken, 92 Pa. 78; Wolf v. Phila., 105 Pa. 25; Hammett v. Phila., 65 Pa. 146; McKeesport v. Fidler, 147 Pa. 532; Moyer v. Kirby, 14 S. & R. 162; Turnpike Co. v. Martin, 12 Pa. 361; Turnpike Co. v. Brown, 2 P. & W. 462.

PER CURIAM, January 29, 1894:

This action of assumpsit was brought to recover the cost of paving Winchester street in front of defendant's property. It is not denied that the work was done, nor is there any controversy as to the cost thereof. The only question is whether the latter can be recovered in a personal action against the abutting property owner.

In refusing to take off the judgment of nonsuit, the court below doubtless acted upon the reasonable presumption that the only remedy provided for the collection of such claims is by the ordinary and well recognized proceeding in rem. We have not been referred to any act of assembly that in plain terms provides any other remedy. There was no error in refusing to take off the judgment of nonsuit.

It is not without reason that defendant's attorney objects to

the blending of this case, in same paper-book, with another and different case in which he is not concerned.

Judgment affirmed.

See also the next case.

