## · Barnesboro Borough *v.* Speice, Appellant.

*Road law—Personal action against owner—Assessment—Act of April 4,*
*1907, P. L.* 40.

1. The Act of April 4, 1907, P. L. 40, providing "that hereafter all
municipalities of the commonwealth of Pennsylvania may proceed for
the recovery or collection of any municipal claim or claims whatsoever
by lien or by an action of assumpsit," has no retroactive effect, and does
not apply to the cases in which a road improvement had been completed
and benefits assessed prior to the enactment of that statute.

2. A statute must always be interpreted so as to operate prospec-
tively and not retrospectively, unless the language is so clear as to pre-
clude all questions as to the intention of the legislature.

3. The Act of April 4, 1907, P. L. 40, imposes upon the owner of prop-
erty a personal liability to which he was not subject before, and there-
fore affects rights and not merely the remedy.

Argued May 3, 1909.   Appeal, No. 192, April T., 1909, by
defendant, from judgment of C. P. Cambria Co., Sept. T., 1908,
No. 540, overruling demurrer to statement of claim in case of
Barnesboro Borough v. Martha Speice.   Before RICE, P. J.,
PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEA-
VER, JJ.   Reversed.

Assumpsit under the Act of April 4, 1907, P. L. 40, to recover
an assessment against property for road benefits.

The court in an opinion by O'CONNOR, P. J., overruled de-
murrer to statement of claim.

*Error assigned* was the judgment of the court.

*M. D. Kittell,* for appellant.—An assessment by a munici-
pality for paving a street is a tax, and cannot be collected as an
ordinary debt by a common-law action, unless such remedy is
given by statute: McKeesport Borough v. Fidler, 147 Pa. 532;
Crafton Borough v. Richards, 17 Pa. 835.

A municipal lien for street improvement is a proceeding in
rem.   It is filed against the abutting or adjacent property and

involves no personal liability on the part of the owner: Emrick v. Dicken, 92 Pa. 78.

An act imposing new liabilities will not be construed to have a retroactive effect: Commonwealth v. Bessemer Co., 207 Pa. 302; Horn & Brannen Mfg. Co. v. Steelman Co., 215 Pa. 187; Smith v. R. R. Co., 36 Pa. Superior Ct. 584; Fahnestock v. Wilson, 95 Pa. 301; Tarentum Borough v. Moorhead, 26 Pa. Superior Ct. 273.

*Reuel Somerville,* for appellee.—The act affects merely the remedy: Krause v. P. R. R. Co., 2 Pa. C. C. Rep. 60; McFarland v. Township, 12 S. & R. 296; Penrose v. Erie Canal Co., 56 Pa. 46; Long's App., 87 Pa. 114; Towamencin Road, 23 Pa. C. C. Rep. 113; Kille v. Iron Works, 134 Pa. 225; Lane v. White, 140 Pa. 99; Byers v. R. R. Co., 26 P. L. J. (N. S.) 447; Bolton v. Johns, 5 Pa. 145; Clark v. Herring, 5 Bin. 33; Greeves v. McAllister, 2 Bin. 591.

When a right exists without a remedy, the legislature may rightfully provide one: Lycoming County v. Union County, 15 Pa. 166; Schenley v. Com., 36 Pa. 29; Miller's Est., 18 Pa. Dist. Rep. 225.

OPINION BY PORTER, J., October 11, 1909:

The plaintiff borough, upon petition of the requisite number of owners of abutting property, graded, paved and curbed a street, under the provisions of the Act of April 23, 1889, P. L. 44, which authorizes an assessment upon abutting property under the foot front rule. The work was completed on November 26, 1906, and the borough engineer on January 3, 1907, made an assessment against the property of the defendant for the sum of $516. The statute under which the work was done did not authorize an assessment against the owner of the property personally, and the borough did not file a lien against the property under the authority conferred by that statute. The Act of April 4, 1907, P. L. 40, provides: "That hereafter all municipalities of the Commonwealth of Pennsylvania may proceed for the recovery or collection of any municipal claim or claims whatsoever by lien or by an action of assumpsit." The

plaintiff borough, on September 2, 1908, brought an action of assumpsit against the appellant for the recovery of the amount of the assessment which had been made against her property in January, 1907. The defendant filed an affidavit of defense, averring that upon the facts hereinbefore stated she was not personally liable, in this action, for the amount of said assessment. The court below entered judgment for want of a sufficient affidavit of defense, and the defendant appeals. The only question raised by the specifications of error, and argued in this court, was whether the act of 1907 should be given a retroactive effect and held to apply to cases in which the improvement had been completed and the assessment of benefits, alleged to have resulted from it, made prior to the enactment of that statute. The view which we take of the case renders it unnecessary to consider whether the Act of April 4, 1907, P. L. 40, applies to assessments made under the Act of April 23, 1889, P. L. 44, or what defenses a defendant may make to an action of assumpsit brought upon a municipal claim under the provisions of the statute first mentioned.

The plaintiff is not entitled to recover in this action unless the statute of 1907 is to be given a retrospective effect; for at the time the work was done and until long after the assessment for it was made the defendant was not liable personally to be called upon to pay this charge. An assessment by a municipality for improving a street is a tax and cannot be collected as an ordinary debt by a common-law action, unless such remedy is given by statute: McKeesport v. Fidler, 147 Pa. 532; Philadelphia v. Merklee, 159 Pa. 515; Philadelphia v. Bradfield, 159 Pa. 517; Franklin v. Hancock, 18 Pa. Superior Ct. 398; s. c., 204 Pa. 110. It is within the legislative power of the commonwealth to grant to municipalities a remedy for the collection of taxes against property by a personal action against the owner: Weber v. Reinhard, 73 Pa. 370; In re Centre Street, 115 Pa. 247; Vacation of Howard Street, 142 Pa. 601; Com. v. Mahon, 12 Pa. Superior Ct. 616. The legislation under which the borough proceeded to make this improvement authorized only an assessment upon the property benefited, to be enforced by a proceeding in rem against that property; it imposed no personal obliga-

tion or duty upon the owner to pay. The property might be sold for the assessment, but the owner was free from any personal liability. Did the act of 1907 operate retrospectively, and impose on the defendant a personal liability growing out of transactions which had been completed before the statute was enacted?

The general rule undoubtedly is that legislation which affects rights will not be construed to be retroactive unless it is explicitly so declared in the statute. But where it concerns merely the mode of procedure it is applied, as of course, to litigation existing at the time of its passage: Kille v. Reading Iron Works, 134 Pa. 225. Retrospective laws may be supported when they impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted: Shonk v. Brown, 61 Pa. 320. "Retrospective laws generally, if not universally, work injustice, and ought to be so construed only when the mandate of the legislature is imperative:" Taylor v. Mitchell, 57 Pa. 209. "There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively unless the language is so clear as to preclude all question as to the intention of the legislature:" Neff's Appeal, 21 Pa. 243; McCabe v. Emerson, 18 Pa. 111. These well-settled principles have never been departed from and have been recognized and reaffirmed in a long line of cases: Smith v. Railroad Company, 36 Pa. Superior Ct. 584; Com. v. Bessemer Company, 207 Pa. 302; Horn & Brennan Mfg. Co. v. Steelman, 215 Pa. 187; Lewis v. Pennsylvania Railroad Company, 220 Pa. 317. The principle established by these decisions rules this case. The act of 1907 contains no language which would warrant the construction that it was the legislative intention that the statute should have a retrospective effect.

The argument of the appellee, that the statute affects the remedy exclusively, is not well founded. The act imposes upon the owner of property a personal liability for claims against his property which, as to assessments of the character of that with

which we are now dealing, had not existed. At common law not even the property was liable to a local assessment for benefits resulting from the grading and paving of a street; statutes had made the property chargeable on account of benefits resulting from such work, but no general statute had made the owner personally liable for benefits to his property resulting from the grading, paving and curbing of a street. Assessments on property peculiarly benefited by local improvements, is taxation, founded on the benefits peculiar to the property because of its location, and upon that ground have been sustained. As the peculiar benefit to the property is the foundation for the power to make local assessments, it follows that the amount of the benefits should fix the limit to the exercise of the power. Let it be assumed that ordinarily when a property is benefited by a local improvement, the owner is also peculiarly benefited to the full amount of the increase in value of the property, and that an assessment against the owner personally is the exact equivalent of an assessment in the same amount against the property. Yet it is manifest that in many cases this is not true. The title to a lot of ground may by the death of an ancestor be cast upon his heir, who enters into possession. The ancestor may have been a man apparently in prosperous circumstances; the heir may have believed him to have been such and may be entirely ignorant of the existence of any debts; but there may be in existence debts, not of record, which are liens upon the land to more than its full value. While affairs are in this condition a municipal improvement is made which would benefit the property to a very large amount, and the property be properly chargeable for such benefits. Now under the law as it existed prior to the act of 1907 if the owner, the heir who had succeeded to the title, discovered that there were debts, not of record, owing by his ancestor, the lien of which rendered his ownership of the property but an empty name, he would have had the right to abandon the property and could not have been called upon personally to pay the municipal claim with which the property had become charged during his ownership. Since that act became the law an heir caught in this situation would not only lose the land, but find himself burdened with a per-

sonal liability to the municipality. Take the case of one who has long been the owner of an unimproved lot not favorably located. When a street upon which such a lot abuts is graded the property may be left far above or below the grade. The presumption is, certainly, that the assessment made upon the lot for benefits supposed to have resulted from such a work will not be more than the property is actually worth after the improvement is made, but that presumption is by no means conclusive. There have been cases in which it was sought to hold owners personally liable for assessments beyond the value of their lots. Justice SHARSWOOD refers to such cases in his opinion in Hammett v. Philadelphia, 65 Pa. 146. The owner in all cases of this kind under the law as it formerly stood was fixed with no personal liability; the value of the lot, or of his estate in it, fixed a limit to any loss which he might suffer. Had the act of April 4, 1907, merely provided a new remedy for enforcing the claim of the municipality against the property assessed and confined the remedy to that particular property, it might without violating any recognized principle have been held to be purely remedial and been given a retrospective effect. The statute, however, went far beyond that and imposed upon the owner of property a new and distinct obligation and duty and rendered him liable to answer in a personal action, as if upon an implied promise to pay. Any construction which would hold this statute to operate retrospectively would violate principles too well established to be disregarded.

The judgment is reversed and the record remitted with a procedendo.