## Borough of Youngwood, Appellant, *v.* Gay.

*Municipal claims—Remedies—Action of assumpsit—Road law—Act of April 4, 1907, P. L. 40.*

In an action of assumpsit under the Act of April 4, 1907, P. L. 40, for municipal improvements assessed under the Act of May 16, 1891, P. L. 75, and its supplements, an affidavit of defense is sufficient which sets forth that no assessment had been made against the defendant, as the owner of any property, and that no notice had been served upon him.

*Act of June 11, 1911, P. L. 1076—Filing of municipal claims—Lapse of claim.*

Where a municipality has not filed its claim within the time prescribed in the Act of June 4, 1901, P. L. 364, as amended by the Act of June 20, 1911, P. L. 1076, such claim is wholly lost.

Argued April 18, 1918.   Appeal, No. 123, April Term, 1918, by plaintiff, from order of C. P. Westmoreland County, Nov. T., 1915, No. 59, discharging a rule for judgment for want of a sufficient affidavit of defense in case of Borough of Youngwood v. Morrison A. Gay.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit for municipal improvements.   Before Mc-CONNELL, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court discharged the rule.

154, (1919).]   Assignment of Error—Opinion of the Court.

*Error assigned* was order of the court.

*Z. T. Silvis,* for appellant.

*William S. Rial,* for appellee.

OPINION BY PORTER, J., February 28, 1919:

The borough brings this action of assumpsit and seeks to recover judgment against the defendant personally for the amount of an assessment for benefits, resulting from the grading and paving of Third street in the borough, upon a lot of which it is alleged the defendant was, at the time of the improvement, the owner. The plaintiff, deeming the affidavit of the defendant to be insufficient, took a rule for judgment, which the court discharged, and from that order the plaintiff appeals. The street was improved by the borough under the powers conferred by the general Act of May 16, 1891, P. L. 75, and its supplements. From the statement of the plaintiff and the affidavit of defense we gather the following facts. After the work had been done the borough authorities, in pursuance of the provisions of the legislation under which they were acting, presented their petition to the Court of Common Pleas and viewers were appointed to ascertain and assess the damages and benefits. The report of the viewers assessed benefits against the lot in question and against the Youngwood Land Company as owner, and, no exceptions having been filed, the report was confirmed absolutely on February 5, 1912. The report of viewers did not disclose any assessment against this defendant as the owner of any property. The borough never filed in the Court of Common Pleas any claim for the amount of the assessment upon the lot, as required by the tenth section of the Act of June 4, 1901, P. L. 364, as amended by the Act of June 20, 1911, P. L. 1076.

The only authority for the maintenance of this action of assumpsit, in which it is sought to charge the owner

personally for the assessment of an improvement of a borough street, is supposed to be found in the Act of April 4, 1907, P. L. 40, which provides: "That hereafter all municipalities of the Commonwealth of Pennsylvania may proceed for the recovery or collection of any municipal claim or claims, whatsoever, by lien or by action of assumpsit"; which was so amended by the Act of March 25, 1909, P. L. 78, as to confer jurisdiction in such actions upon justices of the peace. The statute is vague in its terms, it does not state against whom the action of assumpsit will lie, nor does it in express terms declare that the owner shall be personally liable, but both this court and the Supreme Court have held that it was the legislative intention to impose a personal liability: Barnesboro Boro. v. Speice, 40 Pa. Superior Ct. 609; Allentown v. Roth, 231 Pa. 140. It is, however, important to observe that in those cases the assessment had been made against the person whom it was sought to charge, and all that was really decided by either of the courts was that the statute was not to be given a retrospective effect. The act did not confer upon municipalities the right to impose any tax or assert any claim, the most that can be said for it is that, by implication, it gave to the municipalities the right to recover from an owner personally claims against his property given by other statutes. The act must be regarded as part of a general system authorizing taxation for local and special benefits. Taxation of this character can only be sustained under statutes specially authorizing it, and the provisions of those statutes must be complied with. In order to sustain an action of assumpsit in such a case as this the burden is upon the municipality to show that it has a valid claim against the property of the defendant. Let us turn then to the Act of May 16, 1891, P. L. 75, and its supplements, under the provisions of which the borough undertook to make this improvement. The Act of 1891 has been frequently amended, and the last statute which is applicable in the present case is the Act of April 2,

1903, P. L. 124. This legislation provides that the viewers, after having determined the damages, together with the benefits as therein provided shall prepare a schedule thereof, "and give notice to all parties to whom damages are allowed, or upon whom assessments for benefits are made, of a time, not less than ten days thereafter, and of a place where said viewers will meet and exhibit said schedule and hear all exceptions thereto and evidence"; and expressly directs the manner in which the notice shall be given. These provisions for notice to a party assessed for benefits certainly tend to guard against the hardship which might in many cases arise from holding an owner of property personally liable for special assessments upon his property, the danger of which was commented upon by Justice SHARSWOOD in Hammett v. Philadelphia, 65 Pa. 155. They should not be disregarded when we come to fit into the system the provisions of the Act of 1907 above quoted, providing for the action of assumpsit. There is a manifest difference between taxation for the general purposes of government, which is imposed upon all property according to value and at times of which all persons have knowledge, and special taxes for local improvements, which are supposed to be imposed because of benefits peculiar to the property not necessarily a uniform percentage of its value, and may be imposed without the owner's knowledge. The sixth section of the Act of 1891, as amended by the Act of 1903, above referred to, provides that the report of viewers "when and as finally confirmed, shall be conclusive as to any assessment made therein to pay the costs and expenses of any sewer, street or other improvement." This is applicable to the assessment against the property, and in a proceeding in rem for the collection of the amount of the assessment, out of the property, the confirmation of the report of viewers is conclusive. But it has no bearing in this action of assumpsit for this defendant was not assessed, and he never received the notice which the statute provided he should have, in case he was as-

sessed.   When assessments for a street improvement are made under the provisions of the Act of 1891 and its supplements, which provide for notice to parties upon whom assessments for benefits are made, it would certainly be a hardship to hold that a person who has neither been assessed nor had any notice whatever is personally liable for an assessment upon a lot which the viewers have assessed as the property of another.

As the case is now presented there is another reason for affirming the judgment of the court below.˙ The general system of procedure for the recovery of municipal claims is the Act of June 4, 1901, P. L. 364, and its supplements.   The tenth section of that statute as amended by the Act of June 20, 1911, provides, inter alia, that municipal claims shall be filed in the Court of Common Pleas......"within six months after confirmation by the court, where confirmation is required"; and "If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the time aforesaid, it shall be wholly lost."   This is the last legislative declaration upon the subject.   The penalty for failure to file is not that the claim shall cease to be a lien, but "it shall be wholly lost."   The report of viewers in this case was confirmed absolutely on February 5, 1912, the borough never filed a claim in the Court of Common Pleas, and it did not bring this action of assumpsit until August, 1915.   While this case is not precisely similar to Philadelphia v. DeArmond, 63 Pa. Superior Ct. 437, what we there said must lead to the conclusion that the filing, within the period fixed by the statute, is necessary to avoid a lapse of the claim.

The order of the court below is affirmed and the appeal dismissed without prejudice, etc.