# Township of Scott, Appellant, *v.* Davis.

*Municipalities—Townships—Streets—Grading, curbing and paving—Recovery of cost—Assumpsit — Municipal claims — Acts of July 8, 1919, P. L. 786; June 20, 1911, P. L. 1076; May 1, 1907, P. L. 130, and June 4, 1901, P. L. 364.*

Municipalities not only cannot recover assessments for benefits resulting from local improvements without legislative authority, but they can only recover by proceedings in the manner by statute provided.

The Act of June 4, 1901, P. L. 364, as amended by the Act of May 1, 1907, P. L. 130, and the Act of June 20, 1911, P. L. 1076, shows a fixed legislative purpose to require municipal claims for street improvements to be collected by lien and scire facias.

A charge for street improvements is a tax and, against the owner, is a proceeding in invitum.

The Act of July 8, 1919, P. L. 786, relates to the "collection of municipal claims" existing under authority of other statutes, it does not repeal the Act of June 4, 1901, P. L. 364, and its supplements, which require the filing of municipal liens for the recovery of municipal claims for street improvements.

An action in assumpsit cannot be maintained by a township to recover the cost of grading, curbing and paving a street, where no lien was filed in the office of the prothonotary of the court of common pleas.

Argued April 26, 1921.    Appeal, No. 36, April T., 1921, by plaintiff, from judgment of C. P. Allegheny County, April T., 1919, No. 73, for defendant on affidavit of defense raising questions of law in the case of Township of Scott v. John Davis.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover municipal claim.   Before MAC-
FARLANE, J.

The facts are stated in the opinion of the Superior
Court.

Judgment for defendant upon affidavit of defense rais-
ing questions of law.   Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Robert T. Houlden,* for appellant.—Failure to file a
municipal claim in the office of the prothonotary does
not prevent recovery: Boro. of Youngwood v. Gay, 71
Pa. Superior Ct. 154; Stroudsburg Boro. v. Shick, 24 Pa.
Superior Ct. 442.

All presumptions are in favor of the constitutionality
of statutes, the constitutional prohibition against ex
post facto laws does not apply to laws relating to civil
matters: Grim v. Weissenberg School Dist., 57 Pa. 433;
Sharpless v. Mayor of Phila., 21 Pa. 147; Com. v. Hazen,
20 Pa. Superior Ct. 487; Okeson v. Patterson, 29 Pa. 22;
Ballard v. Ward, 89 Pa. 358; Swartz v. Carlisle Boro.,
237 Pa. 473.

The fact that a municipal claim had not been filed
would not bar the municipality from proceeding in as-
sumpsit: Phila. v. DeArmond, 63 Pa. Superior Ct. 436.

*Frederic W. Miller,* and with him *John S. Robb, Jr.,*
for appellee.—No claim having been filed within six
months, the claim of the municipality was void, and will
not support an action of assumpsit: Boro. of Young-
wood v. Gay, 71 Pa. Superior Ct. 154.

OPINION BY HENDERSON, J., July 14, 1921:

The appellant is a township of the first class in the
County of Allegheny.   The pending action is assumpsit
brought to recover a part of the cost of grading, curbing
and paving a street.   The assessment was made by the
township engineer according to the foot front rule pur-

suant to an ordinance passed by the board of commissioners on a petition of two-thirds of the property owners. The affidavit of defense presented the question of law whether the failure of the plaintiff to file the claim in the court of common pleas prevented a recovery in a personal action? The work was completed on the twelfth of December, 1916. The action of assumpsit was brought on January 9, 1919. No lien was filed in the office of the prothonotary of the court of common pleas. The court held that the action could not be maintained, from which judgment the pending appeal was taken. The action is based on authority supposed to be conferred by the Act of July 8, 1919, P. L. 786, which provides that in addition to remedies provided by law, all cities, boroughs, first-class townships and incorporated towns, and any other municipalities may proceed for the recovery and collection of any municipal claim or claims whatsoever, by action of assumpsit against the owner or owners of the property affected by any municipal improvement. The act contains the proviso that its provisions shall extend to all municipal claims wherein the claim has been entered against the property as a lien, and also to all municipal improvements heretofore made where the right of action in assumpsit has been instituted under the provisions of prior acts of assembly, and where the claim is not barred by the statute of limitations affecting actions of debt or assumpsit. The improvement was made pursuant to the provisions of the Act of April 22, 1909, P. L. 117, which authorizes the commissioners of any first-class township of the Commonwealth to require by ordinance and cause to be paved, curbed or macadamized any public street or thoroughfare or parts thereof in any first-class township in the manner prescribed in the statute. All municipal assessments for such paving, etc., when not paid upon notice are to be collected "by a municipal claim filed against the delinquent owner, describing the premises, upon which writs of scire facias may issue." The

Act of 1901, P. L. 364, provides when, how and to what extent liens shall be allowed, inter alia, for municipal improvements and the method for preserving such liens and enforcing payment of such claims. Section 3 provides that all municipal claims lawfully imposed or assessed on any property shall be a lien thereon. The lien for grading, paving, curbing and macadamizing streets is declared to exist in favor of the municipality and may be filed against the property benefited thereby. Section 10 requires that municipal claims of the class involved in this proceeding must be filed in the court of common pleas of the county within six months from the time the work was done in front of the particular property where the charge against the property is assessed or made at the time the work is authorized; within six months after the completion of the improvement where the assessment is made by the municipality upon all the properties after the completion of the improvement. In the same section it is provided that "if a claim be not filed within the time aforesaid or if it be not prosecuted in the manner and at the times aforesaid, it shall be wholly lost." These provisions are renewed in the Act of May 1, 1907, amending the Act of 1901, and are reënacted in the Act of June 20, 1911. A procedure is provided in these statutes for the collection of municipal claims by the filing thereof in the office of the prothonotary of the court of common pleas. At common law such a claim could not be charged on land nor was the owner personally liable therefor. Such liability is only created by statute. The legislation under which the township made the improvement provides for the collection of the claim by means of a scire facias on a municipal lien. It gives no authority to proceed against the owner in an action of assumpsit. The charge is a tax, and as to the owner is a proceeding in invitum. None of the elements of a contract are involved, nor is there any implied liability of the owner. The only support for a personal action is the Act of July 8, 1919.

This the appellant contends was intended to create a personal liability as to all municipal claims and to have a retrospective effect. To give the statute the operation claimed it must be held that it repeals the provision of the Act of 1901 and its supplements. Municipalities not only cannot recover assessments for benefits resulting from local improvements without legislative authority, but they can only recover by proceedings in the manner by the statute provided: McKeesport Borough v. Fidler, 147 Pa. 532. We have seen that the Act of 1901 requires that municipal claims for street improvements be filed in the court of common pleas within six months after the right to file occurred and that if a claim be not filed within that time, it shall be wholly lost. The renewal of this regulation in the amendments of 1907 and 1911 show a fixed legislative purpose to provide for the collection of such claims by lien and writ of sciré facias. To give the Act of 1919 the effect contended for by the appellant, there must be found in it a repeal of the Act of 1901 and the supplements referred to relating to the result of a failure to file the claims in the court of common pleas within the time specified. It was held in the Borough of Youngwood v. Gay, 71 Pa. Superior Ct. 154, that the filing of the municipal claim, as required by the 10th section of the Act of 1901, as amended by the Act of June 20, 1911, is a condition precedent to the right of recovery in an action of assumpsit, under the Act of April 4, 1907, P. L. 40. The latter statute authorized the collection of all municipal claims by lien or by action of assumpsit. It contained no repealing clause, and as it related to municipal claims as does the Act of 1919, it is necessary to refer to the Act of 1901 and its supplements to ascertain what a municipal claim is. It seems clear that it is such a charge or impost as may be lawfully collected in accordance with the statute authorizing its creation. The Act of 1919, as shown by its title, relates to the "collection of municipal claims." It does not grant to the municipality the right to impose any

charge in the nature of a claim. It at the most gives to the municipality the right to recover from the owner the "municipal claim" existing under the authority of some other statute. The burden is on the municipality therefore to show an existing valid claim upon which a right of action against the owner personally may be asserted. That there was no legislative intention to substitute the action of assumpsit for the procedure provided by the Act of 1901 and its supplements, with reference to the determination and recording of a municipal lien, we think is clearly shown from the fact that a month after the passage of the Act of April 4, 1907, authorizing the collection of municipal claims by an action of assumpsit, the Act of May 1, 1907, was passed which, as already noticed, contained a reënactment of the requirement that claims should be filed in the court of common pleas within six months, and if not so filed, they shall be wholly lost. The right to proceed by action of assumpsit is not more clearly given by the Act of 1919 than it was by the Act of 1907, and as the latter act was not effective to vitalize a claim that had theretofore been lost by failure of the municipality to record it, the conclusion follows that such unrecorded claim is as wholly lost after the passage of the Act of 1919 as it was before. The propriety of filing the lien is apparent. It would be burdensome and vexatious to owners of property to allow the municipality to continue a claim for the period of three years allowed by the Act of 1919 without some record thereof being made, and a definite ascertainment of the extent of the liability of the owner, and the construction of a statute which would produce this result ought not to be given unless it is clearly demanded by its terms. We do not find anything in the Act of 1919 expressly declared or necessarily implied which convinces us that the statute should be so construed. As, therefore, the claim on which the action is based was never filed in the office of the prothonotary, and the action was brought about a year and a half after the

Opinion of the Court.    [77 Pa. Superior Ct.

claim had been "wholly lost" by the failure to file, there was no municipal claim existing which would support the plaintiff's action.

The judgment is affirmed and the appeal dismissed.