## City of Philadelphia et al. v. Hillier et al.

*H. T. Rotenbury*, for plaintiffs;  *A. S. Ashbridge, Jr.*, for defendants.

MARTIN, P. J., July 13, 1928.—The defendants, Henry E. Hillier and William C. Wilson, were registered owners of a property situated on the northwest side of Gaul Street, southwest of Tioga Street, in the City of Philadelphia.

On Feb. 3, 1925, an Ordinance of Council of the City of Philadelphia was approved, authorizing the Department of Public Works to enter into a contract for the construction of a sewer in Gaul Street. The ordinance provided that the Director of Public Works should advertise according to law, announcing that bids would be received for the sewer, and allot the contract to the lowest responsible bidder, on condition that the contractor accept the sums assessed upon the line of the sewer in the manner and form authorized by existing ordinances.

On April 3, 1925, Hillier and Wilson agreed in writing to sell their property to the Philadelphia Wool Scouring and Carbonizing Company, Inc.

On April 20, 1925, Fernando di Pasquale entered into a contract with the City of Philadelphia for the construction of the sewer in front of the property. He performed the work and completed it on June 3, 1925.

Henry E. Hillier and William C. Wilson, as registered owners of the property on Gaul Street, were assessed by the City of Philadelphia, to the use of Fernando di Pasquale, the contractor, at the rate of $4 per lineal foot, amounting to $672.08.

On July 6, 1925, Hillier and Wilson conveyed the property to the Philadelphia Wool Scouring and Carbonizing Company, Inc., in compliance with the agreement of sale previously made.

No lien was filed by the City of Philadelphia for the construction of the sewer. The contractor did not collect the claim, but assigned it to the Excelsior Brick and Steel Sales Company, and constituted the assignee his lawful attorney to collect the claim. The Excelsior Brick and Steel Sales Company duly assigned the claim to the Citizens National Bank of Jenkintown. The bank demanded payment of the claim. The demand was refused, and this suit was instituted by the City of Philadelphia, to the use of di Pasquale, to the use of Excelsior Brick and Steel Sales Company, to the use of the Citizens National Bank of Jenkintown, against Henry E. Hillier and William C. Wilson and the Philadelphia Wool Scouring and Carbonizing Company, Inc. A statement of claim was filed, in which the facts were set forth in detail, and an averment made that by virtue of the authority granted under the ordinance, the City of Philadelphia, on or about June 1, 1925, assessed Henry E. Hillier and William C. Wilson, the registered owners, for the sewer constructed in the sum of $672.08; that the measurements and dimensions of the assessment bill were certified as correct by the Surveyor and Regulator of the District and the bill approved by the Chief of the Bureau of Engineering. A copy of the assessment bill is annexed to the statement of claim.

An affidavit of defense was filed raising questions of law, that there is a misjoinder of the parties plaintiff and misjoinder of the parties defendant; that the statement of claim shows the work was done on May 8, 1925, and completed on June 3, 1925, but that no lien was filed, and that there is no basis for the claim against defendants; that the statement of claim shows no liability in the defendants; and the statement of claim filed in the name of the City of Philadelphia as legal plaintiff is not sworn to by any official of the city.

There is no misjoinder of parties plaintiff. The Citizens National Bank of Jenkintown, the last owner of the claim, is the use-plaintiff.

When the sewer was constructed, the Philadelphia Wool Scouring and Carbonizing Company was the equitable owner of the property; Hillier and Wilson held the legal title in trust for the equitable owner.

There is no ground for a joint claim against all the defendants.

It was said in Youngwood Borough v. Gay, 71 Pa. Superior Ct. 154, 158: "The general system of procedure for the recovery of municipal claims is the Act of June 4, 1901, P. L. 364, and its supplements. The 10th section of that statute, as amended by the Act of June 20, 1911, P. L. 1076, provides, inter alia, that municipal claims shall be filed in the Court of Common Pleas . . . 'within six months after confirmation by the court, where confirmation is required;' and 'if a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the time aforesaid, it shall be wholly lost.' This is the last legislative declaration upon the subject. The penalty for failure to file is not that the claim shall cease to be a lien, but 'it shall be wholly lost.' . . . While this case is not precisely similar to Philadelphia v. De Armond, 63 Pa. Superior Ct. 437, what we there said must lead to the conclusion that the filing within the period fixed by the statute is necessary to avoid a lapse of the claim."

Scott Township v. Davis, 77 Pa. Superior Ct. 352, 356, declared that: "Municipalities not only cannot recover assessments for benefits resulting from local improvements without legislative authority, but they can only recover by proceedings in the manner by the statute provided: McKeesport Borough v. Fidler, 147 Pa. 532."

The court said: "We have seen that the Act of 1901 requires that municipal claims for street improvements be filed in the Court of Common Pleas within six months after the right to file occurred, and that if a claim be not filed within that time, it shall be wholly lost. . . . The propriety of filing the lien is apparent. It would be burdensome and vexatious to owners of property to allow the municipality to continue a claim for the period of three years allowed by the Act of 1919 without some record thereof being made and a definite ascertainment of the extent of the liability of the owner, and the construction of a statute which would produce this result ought not to be given unless it is clearly demanded by its terms. . . . As, therefore, the claim on which the action is based was never filed in the office of the prothonotary, and the action was brought about a year and a-half after the claim had been 'wholly lost' by the failure to file, there was no municipal claim existing which would support the plaintiff's action."

No lien was filed in the present case, and the claim cannot be collected in an action of assumpsit.

And now, to wit, July 13, 1928, the affidavit of defense raising questions of law is sustained, and it is ordered that judgment be entered in favor of defendants.