Fidelity-Philadelphia Trust Company, Surviving Trustee, *v.* Allen et al., Liquidating Trustees, Appellants.

Argued October 6, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*F. Raymond Heuges,* for appellants.

*Robert M. Green,* with him *Harold E. Kohn, Thomas P. Glassmoyer* and *Murdoch, Paxson, Kalish & Green,* for appellee.

*Boyd Lee Spahr* filed a brief under Rule 61.

*Cuthbert H. Latta, Jr.,* with him *Philip A. Bregy, Walter C. Janney, Jr.,* and *MacCoy, Brittain, Evans & Lewis,* filed a brief under Rule 61.

*John B. Nicklas, Jr., E. B. Wolfe,* and *McCrady, Nicklas & Hirschfield* filed a brief for amici curiæ.

PER CURIAM, November 28, 1941:

A majority, Mr. Justice DREW dissenting, agrees that, as applied to this case, the challenged statute may be held not to conflict with the contract clause of the state constitution, reaching that conclusion on the ground that it is desirable to preserve uniformity of construction of the contract clauses of both state and federal constitutions: compare *Gelfert v. National City Bank,* 313 U. S. 221.

As the record does not involve the application of the Act to sales on judgments *in personam* made prior to its effective date, no opinion on that subject is expressed. See, however, *McCabe v. Emerson,* 18 Pa. 111; *Ladner v. Siegel (No. 4),* 298 Pa. 487, 498, 148 A. 699, 702; *Memphis v. United States,* 97 U. S. 293, 296; *McCullough v. Virginia,* 172 U. S. 102, 123, 124; *Hodges v. Snyder,* 261 U. S. 600, 603; 30 Am. Jur. 898, section 146; 31 Am. Jur. 364, section 883; 16 C. J. S. 689, section 271a.

Judgment reversed; record remitted for further proceedings.

CONCURRING OPINION BY MR. JUSTICE STERN:

Having written the opinion in the case of *Beaver County Building and Loan Association v. Winowich,* 323 Pa. 483, 187 A. 481, declaring the Mortgage Deficiency Judgment Act of 1934 unconstitutional, I think it fitting that I should give separate expression to my reasons for concurring in the present decision.

The *Winowich* case did not seek to justify the doctrine that a mortgage creditor who purchases at a fore-

closure sale can recover from the mortgagor the excess of the amount of his bond over the sum realized at the sale, regardless of the value of the property. What it held was that, since that doctrine admittedly was, and from the earliest times had been, the law of Pennsylvania, any subsequent legislative change whereby real estate at an appraised valuation was substituted in whole or in part for the money due under the mortgage loan, and whereby the amount recoverable from the mortgagor was greatly reduced, necessarily constituted a substantive impairment of the obligation of preexisting mortgage contracts and was therefore unconstitutional as to them, however desirable and proper it might be as to mortgages thereafter executed. While it was pointed out in the *Winowich* opinion (pp. 502-505) that all states[1] passing upon the question, except New York,[2] had likewise so decided, it was upon the rulings of the United States Supreme Court cited and reviewed in the opinion (pp. 497-502) that main reliance was placed, the principal aim being to conform on this important constitutional problem to the decisions of that tribunal. But now that same motivation compels a finding that the Mortgage Deficiency Judgment Act of 1941 is constitutional, because the United States Supreme Court in the case of *Gelfert v. National City Bank of New York*, 313 U. S. 221, reversing the New York Court of Appeals which had held the permanent Mortgage Deficiency Judgment Act of that state unconstitutional, says, in regard to its earlier cases, that "Those cases . . . have been confined to the special circumstances there in-

---

[1] Arkansas, California, New Jersey, Texas, Georgia, Arizona.

[2] Later, New York, in the *Gelfert* case, also came into accord with the other jurisdictions mentioned, its decision in that case being the one now reversed by the United States Supreme Court. Since the *Winowich* decision South Carolina (*Federal Land Bank of Columbia v. Garrison*, 185 S. C. 255, 193 S. E. 308) and Alabama (*First National Bank of Birmingham v. Jaffe*, 239 Ala. 567, 196 So. 103) have likewise held their Mortgage Deficiency Judgment Acts unconstitutional.

volved. . . . We cannot permit the broad language which those early decisions employed to force legislatures to be blind to the lessons which another century has taught."

The impairment-of-the-obligation-of-contracts clause dates back in our State to the Constitution of 1790, only three years after the Federal Constitution, and, considering this close historical relationship, the practical identity of the clauses, and their outstanding importance in our constitutional scheme, it would seem obviously desirable that this court, while not bound, of course, in interpreting our State Constitution, to follow the views of the United States Supreme Court, should do so in this instance. For that reason I concur in the present decision.