## Richards' Estate

*Lawrence M. Sebring,* for accountant.
*Joseph A. Tritschler,* for claimant.

READER, P. J., February 6, 1942.—Upon the hearing for making distribution of the balance shown by the above-stated account, the City of Beaver Falls presented a claim for $170.28 with interest from September 29, 1938, and costs of a suit in the Court of Common Pleas of Beaver County at no. 181, September term, 1941. The basis of the claim is the paving of Third Avenue in the City of Beaver Falls, Beaver County, Pa., in front of lots numbered 762 and 763 in the Economy Plan of lots in said city.

By deed dated July 14, 1930, recorded in the Office for Recording Deeds in and for Beaver County in Deed Book vol. 391, p. 454, Elmira Parks conveyed said lots numbered 762 and 763 to Louis Richards and Dorothea Richards, his wife. Louis Richards died June 19, 1936, whereupon title to said land vested in said Dorothea Richards, the surviving wife. Dorothea Richards died January 8, 1939, having first made her last will and testament dated October 1, 1936, since her death duly proven and remaining of record in the office of the Register of Wills in and for said Beaver County in Will Book vol. 34, p. 199. Said Dorothea Richards appointed Beaver Trust Company executor of her said last will and testament and trustee thereunder. She directed that the said real estate be sold by her executor. In the year 1941 the said real estate was sold by said executor, and the fund for distribution consists of the proceeds of such sale.

The paving of Third Avenue in front of the lots in question was done pursuant to the provisions of ordinance no. 796 of said City of Beaver Falls, which ordinance was adopted March 14, 1938. With reference to the pavement under said ordinance the following stipulation was entered into by counsel and made a matter of record:

"It is agreed that Third Avenue in question was improved by the City of Beaver Falls pursuant to the provisions of Ordinance No. 796 of the City of Beaver

Falls, which ordinance was adopted March 14, 1938; that the work was completed on September 29, 1938, and duly certified to the city clerk by Frank D. Harvey, city engineer; that Frank D. Harvey, city engineer, computed the cost of paving and improvement upon the completion thereof and apportioned it and filed the same with the said city clerk; said assessment being in the sum of $1.9799 per front foot; that the correct amount claimed by the city in this claim is $170.28 with interest from September 29, 1938."

The account, as filed, failed to show payment of this claim of the city, and to the account exceptions were filed raising the question now before us.

In general the contention of the accountant is that the claim of the city cannot be allowed out of the fund for distribution because of the fact that no municipal claim was ever filed against the property in question within six months after the completion of the work, and that therefore the city lost its right to recover against the property and against the estate. In support of this position counsel for the accountant calls our attention to the several statutes relating to the assessment of the cost of such paving against abutting properties and the filing of municipal claims against the properties for the amount claimed. In construing these various statutes several decisions of the appellate courts are called to our attention.

On the other hand it is the contention of the city that a claim for the cost of such paving may be collected by proceeding against the owner at the time the improvement was made by an action of assumpsit without the filing of a municipal claim. The basis of this position is section 4601 of The Third Class City Law of June 23, 1931, P. L. 932, 53 PS §12198-4601, which reads as follows:

"In addition to the remedies provided by law for the filing of liens for the collection of municipal claims, all cities may proceed for the recovery and collection of

municipal claims by action of assumpsit against the person or persons who were the owner or owners of the property at the time of the completion of the improvement, notwithstanding the fact that there was a failure on the part of any such city, or its agents, to enter any such municipal claim as a lien against the property assessed for the improvement, and for the recovery of which the action of assumpsit was brought. Any such action in assumpsit shall be commenced within three years after the completion of the improvement from which said claim arises."

It seems to us that this act of assembly rules the question now before us. It seems to clearly provide that, whether a municipal claim was filed or not, the municipality might bring its action of assumpsit against the owner at the time of the completion of the improvement, it being required that the action be brought within three years after the completion of the improvement. There is no question that the owner at the time of the completion of the improvement was Dorothea Richards, whose estate is now being administered. As above noted, it is stipulated that the work was completed on September 29, 1938. On August 11, 1941, the City of Beaver Falls brought its action against Beaver Trust Company as executor and trustee of the estate of Dorothea Richards at no. 181, September term, 1941, in the Court of Common Pleas of Beaver County. This action was brought within three years after the completion of the work.

The cases cited by counsel for the accountant in support of its position were all decided prior to the enactment of the Act of 1931 above quoted. These cases, with the dates of decision, are as follows: Philadelphia, to use, v. DeArmond, 63 Pa. Superior Ct. 436 (1916); Borough of Youngwood v. Gay, 71 Pa. Superior Ct. 154 (1919); Township of Scott et al. v. Davis, 77 Pa. Superior Ct. 352 (1921); City of Philadelphia et al. v. Hillier et al., 11 D. & C. 166 (1928); McKeesport

Borough v. Fidler, 147 Pa. 532 (1892). These cases all pass upon legislation earlier than the Act of 1931. We think, therefore, they are inapplicable to the present case. The statutes construed by these cases require the filing of a municipal claim as a basis of a municipality's right to recover. It seems, however, that there is no question that a legislature may confer upon a municipality the right to proceed by other remedies for the collection of such claims. Thus in the case of Franklin v. Hancock, 204 Pa. 110, the court said (p. 112) :

"It is well settled by authority that it is within the legislative power of the commonwealth to grant to municipalities a remedy for collection of taxes against property by a personal action against the owner: Weber v. Reinhard, 73 Pa. 370; In re Center St., 115 Pa. 247; Philadelphia v. Merklee, 159 Pa. 515; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616."

In the case of Philadelphia, to use, v. DeArmond, 63 Pa. Superior Ct. 436, above cited, a similar rule was laid down, the court saying (p. 444) :

"The contention of the appellant, as to the second question alleged to be involved: 'Do the Acts of 1907, P. L. 40 and 1909, P. L. 78, violate the provisions of Article III, Section 7, of the Constitution, forbidding the passage of any local or special laws providing or changing methods for the collection of debts,' is not well founded. The decisions cited by the appellant in support of his contention relate to contracts or transactions between private individuals, and the collection of private debts, such questions as arose under the Mechanics' Lien Law of June 4, 1901, P. L. 431. Assessments for benefits arising from municipal improvements are an exercise of the sovereign power of taxation. No private individual can, under our system of government, be invested with this power. It is entirely competent for the legislature to provide one system of procedure for the collection of taxes, necessary to the support of the government, and an entirely

different system of procedure for the collection by individuals of private debts due them, the remedies which are necessary for the orderly administration of the government may be manifestly unsafe and inappropriate to be entrusted to the whim of private individuals. It is within the legislative power of the Commonwealth to grant to municipalities a remedy for the collection of taxes against property by a personal action against the owner: Barnesboro Borough v. Speice, 40 Pa. Superior Ct. 609, and cases there cited; Franklin v. Hancock, 18 Pa. Superior Ct. 398 and 204 Pa. 110."

It seems clear to us, therefore, that the City of Beaver Falls was justified in proceeding by action of assumpsit against the executor of the estate of Dorothea Richards for the collection of this claim, and that it is not barred from recovering by the fact that the municipal claim was not filed. It is conceded that the fund for distribution is the proceeds of the property charged with payment of its share of the cost of the improvement.

Another objection by the accountant to the allowance of the claim is the failure of the city to give notice to the owner of the completion of the work and the amount of the assessment, as required by the ordinance. The evidence is to the effect that on October 18, 1938, William H. Anderton, the city clerk, sent a notice stating the date of the completion of the work and the cost thereof to Louis Richards' Estate at 1201-05 Third Avenue, Beaver Falls, Pa. At that time the property was assessed in the name of Louis Richards' Estate. While the title had passed to Dorothea Richards, as tenant by entireties, we are satisfied that the assessment in the name above stated was a sufficient one under the provisions of The Third Class City Law of June 23, 1931, P. L. 932, sec. 2505, 53 PS §12198-2505. We are also of the opinion that the notice given as above stated was a sufficient notice.

While we are of the opinion, for the reasons above stated, that the amount claimed by the city for the improvement in question can be recovered in an action of assumpsit against the estate of Dorothea Richards, it seems to us that the claim is not yet in position to be allowed by us in the distribution now pending. We think the right to recover in an action of assumpsit requires that the action should be prosecuted to judgment. This has not been done. As above stated a statement of claim was filed and an affidavit of defense was filed by the accountant. No further proceedings have been had. This affidavit of defense raises the same questions, substantially, as those presented to us in the present proceeding and which we have considered in this opinion. We think the action in assumpsit should be prosecuted to judgment, and if a judgment is obtained in favor of the city that the amount thereof may be allowed in this distribution. For this purpose we will hold up the making of a decree of distribution and give the city an opportunity to proceed further in the action of assumpsit.