## Metropolitan Life Insurance Co., Assignee, v. Krivitsky et ux.

*J. Channing Ellery* of *Rambo & Mair*, for plaintiff. *Herman Eisenberg*, for defendant.

MACNEILLE, P. J., April 19, 1943.—We are considering a petition and rule to show cause why judgment should not be satisfied of record by the prothonotary and defendants released and discharged from further liability thereon.

For the rule petitioners rely upon the Deficiency Judgments Act of July 16, 1941, P. L. 400.

Respondent, the Metropolitan Life Insurance Company, as assignee of the Market Street Title & Trust Company, entered judgment against defendants on their bond accompanying a mortgage on premises 4616 C Street and issued a fi. fa. by virtue thereof. The sheriff exposed the premises to public sale, and respondent herein, the Metropolitan Life Insurance Company, plaintiff in the execution, was the purchaser at that sale for the sum of $50. The sale took place on the first Monday of October, 1934, and the sheriff executed a deed to the Metropolitan Life Insurance Company on October 8, 1934, and no petition has been filed to fix the fair market value of the mortgaged premises—hence this petition to show cause why the prothonotary should not mark satisfied of record the judgment entered against defendants and why they should not be released and discharged from all further liability.

Plaintiff has filed an answer denying the right of defendants to have the judgment satisfied.

The constitutionality of the Deficiency Judgments Act has been made clear by the decision in Fidelity-Philadelphia Trust Co., Surviving Trustee, v. Allen et al., Liquidating Trustees, 343 Pa. 428, and by The Pennsylvania Company, etc., v. Scott, 346 Pa. 13.

In the Scott case Mr. Justice Stern discussed the legislative mandate which required the plaintiff in the execution to account for the value of the real estate purchased by it in execution and said (p. 18) :

" . . . it cannot be said to be deprived by the statute of any property right in its *judgment* by being limited to a recovery of the balance due thereon after giving credit for the payment received through the acquisition of the real estate . . . We are accordingly of opinion

that the retroactive application of the statute to a sale previously held does not thereby impair any property right in the judgment on which the sale was had or improperly interfere with judicial functions, since the act deals only with the valuation of a payment in property made on account of the judgment and not with the inherent attributes of the judgment itself."

In this connection, the following part of section 7 of the Deficiency Judgments Act seems to us to be cogent:

"In the event no petition is filed within such period, the debtor, obligor, guarantor and any other person liable, directly or indirectly, to the plaintiff or plaintiffs for the payment of the debt shall be released and discharged of such liability to the plaintiff or plaintiffs."

This section refers to the six months' period in which the plaintiff in execution should file his petition to have the fair value fixed. The Deficiency Judgments Act provides that if no such petition is filed the defendant shall be released and discharged of such liability to the plaintiff or plaintiffs. It does not provide for satisfaction. However, by invoking the aid of section 1 of the Act of March 14, 1876, P. L. 7 (also found in 12 PS §978) we may have authority for satisfying the judgment. That section provides as follows:

". . . in all cases where a judgment has been or may hereafter be entered in any court of record in this commonwealth, . . . the court having jurisdiction shall, upon application by the defendant . . . in the said judgment . . . setting forth, under oath, that the same, with all legal costs accrued thereon, has been fully paid, grant a rule on the plaintiff or plaintiffs, to show cause why the said judgment should not be marked satisfied of record at his, her or their costs; and upon the hearing of such rule, should it appear to the satisfaction of the court that said judgment has been fully paid, as set forth in the application of the defendant or

defendants, the said court shall then direct the prothonotary to mark such judgment satisfied of record, and shall also enter a decree requiring the plaintiff or plaintiffs to pay all costs incurred in the premises."

Acting in accordance with this legislative procedure, we have directed satisfaction of some judgments upon which there has been execution on real estate which was bought at the sheriff's sale by the plaintiff in execution where the plaintiff neglected to have the fair value fixed within the term provided in the act. But, in each of these cases there has been no objection offered by the respondents. We feel that where the respondents object to this procedure we should confine ourselves to the provisions of the Deficiency Judgments Act. It would have been a simple matter for the legislature to provide for the satisfaction of these judgments if it intended to do so. Or, it could have directed that under certain circumstances the debt should be treated as actually paid, whereupon the Act of 1876, supra, could be invoked and the judgment satisfied.

It is true that in decisions passing upon that act our appellate courts have said that it is to be invoked only in cases of actual payment. But, in Atkinson v. Harrison, 153 Pa. 472, 475, Mr. Justice Mitchell, in referring to the Act of 1876, said:

"It is confined to cases of actual payment in full, by the defendant, or possibly to cases of such undisputed facts as produce a conclusive result of strict law that satisfaction equivalent to actual payment has been obtained."

We are obliged, however, to observe that the Deficiency Judgments Act provides only for release and discharge, and, by operation of law, the respondent is released and discharged.

However, we are mindful of the fact that there may be some procedural defects in achieving a judgment or in the execution based upon the judgment, and upon which the title to that estate is predicated which would

give rise to a need for additional procedure which could not be indulged in if the judgment had been satisfied. As a result of such a situation the purchasers innocent of such defects or mistakes may suffer a loss. It may be argued that such a possibility, or likelihood, is remote, but the mere fact that it may occur is an important consideration. Particularly is this true because the satisfaction of the judgment effects a complete annihilation not only of the evidence of the debt but of the debt itself.

We are strongly inclined to believe that as a result of wording of the Deficiency Judgments Act the judgment debtors in this case are discharged and released without any further action on their part, or by any order by the court. Although this may be true we see no objection that should be made to a declaration or adjudication by the court that the defendants in this case are by operation of the Deficiency Judgments Act released and discharged from further liability on the judgment in this case obtained by plaintiff against defendants.

However, since the rule in this case also seeks an order that the judgment be satisfied, we feel obliged to dismiss that part because of the objection made thereto by plaintiff. Therefore, we make the following

### Order

And now, to wit, April 19, 1943, upon consideration of the petition herein filed, it is adjudged, ordered, and decreed that defendants, Edward Krivitsky and Sophie Krivitsky, his wife, are released and discharged from further liability on the judgment obtained by plaintiff, Metropolitan Life Insurance Company, against them as appears of record in C. P. No. 3, Philadelphia County, June term, 1934, no. 10011.

NOTE.—The Deficiency Judgments Act of July 16, 1941, P. L. 400, was amended by the Act of May 27, 1943, P. L. 681, so as to authorize the entry of satisfaction of the judgment under such circumstances.